```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
DOINA ALMAZON,                                               :
                                                             :
                              Plaintiff,                     :
                                                             :      24-CV-5415 (VEC)(BCM)
              -against-                                      :
                                                             :      ORDER ADOPTING REPORT &
JPMORGAN CHASE BANK,                                         :      RECOMMENDATION
                                                             :
                              Defendant.                     :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On July 17, 2024, *pro se* Plaintiff Doina Almazon ("Plaintiff") sued Defendant JPMorgan Chase Bank ("Chase") alleging Chase subjected her to unfair and fraudulent mortgage modification practices and unlawfully initiated foreclosure proceedings, resulting in the auction of her home, in violation of state law. The Court referred this case to Magistrate Judge Barbara Moses. Dkts. 6–7. Chase moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. Chase also requested injunctive relief barring Plaintiff from filing further actions against Chase without prior leave of court. *See* Dkt. 9. On January 31, 2025, Magistrate Judge Moses issued a report recommending that Chase's motions be granted. Report and Recommendation ("R&R"), Dkt. 26. Plaintiff objected by letters dated February 1, 2025 ("Feb. 1 Letter") and February 5, 2025 ("Feb. 5 Letter" and, with the Feb. 1 Letter, "Objections"). *See* Dkts. 27, 29. For the following reasons, the Court overrules Plaintiff's objections and ADOPTS Judge Moses' R&R in full.

## BACKGROUND

The Court refers the reader to the R&R's excellent and extremely detailed recitation of the factual and procedural background in this case. For the purposes of this Order, the Court

1

summarizes only the most pertinent facts. This dispute centers on the foreclosure of property Plaintiff owned at 27 Grape Lane in Hicksville, New York (the "Property") and the subsequent foreclosure sale of the Property.

There is an extensive history of litigation between these parties. On January 15, 2013, Chase initiated a foreclosure action against Plaintiff in Nassau County Supreme Court. Compl., Dkt. 1, ¶ 21. Plaintiff asserted several affirmative defenses and counterclaims related to Chase's purportedly misleading conduct in addressing Plaintiff's attempt to secure a mortgage modification. *See* Winter Decl., Dkt. 9-2, Ex. B, Dkt. 9-4, ¶¶ 23–43, 54–64, 69–77, 84–100, 116–37. On September 18, 2017, the state court granted Chase's unopposed motion for summary judgment and appointed a referee to determine the amount due. Winter Decl. Ex. E, Dkt. 9-7, at 4–5. On December 14, 2018, the state court confirmed the referee's report and entered judgment directing the Property be sold at auction. Winter Decl. Ex. G, Dkt. 9-9. Beginning in February 2019, Plaintiff lodged several appeals through the state court system, all of which were unsuccessful, and the New York Court of Appeals ultimately denied Plaintiff leave to appeal on October 24, 2023. *See* Winter Decl. Exs. H, I, K, M, N, O, Dkts. 9-10, 9-11, 9-13, 9-15, 9-16, 9-17.[1] On January 23, 2024, the Property was sold at auction. Compl. ¶ 54.

During the pendency of Plaintiff's state court appeals, the Town of Oyster Bay (the "Town") filed a Petition in Nassau County Supreme Court against Plaintiff and Chase ("*Oyster Bay v. Almazon*") seeking to demolish the house that was located on the Property; according to the Town, the house had fallen into disrepair. *See* Winter Decl. Ex. T, Dkt. 9-22. On January 7, 2022, the state court gave Plaintiff until May 2, 2022, to bring the house into compliance with applicable codes; if she failed to do so, the Town would demolish the house. Order, Doc. 48, at

---

[1] Plaintiff removed the state court action to this Court on June 17, 2019, and the Court remanded the matter back to state court on September 11, 2019. Winter Decl. Exs. J and L, Dkts. 9-12 and 9-14.

6–7, *Oyster Bay v. Almazon* (Jan. 7, 2022). Plaintiff unsuccessfully sought an order for the Town to show cause why the demolition of the house should not be stayed. *See* Proposed OSC, Doc. 57, *Oyster Bay v. Almazon* (May 16, 2022). According to Chase, because Plaintiff failed to make required repairs, the Town demolished the premises in June 2022. Winter Decl. ¶ 34.

In parallel, Plaintiff brought several actions in federal court. On May 24, 2019, Plaintiff sued Chase in this Court, *Almazon v. JPMorgan Chase Bank, National Association*, No. 19-CV-4871 (VEC) (BCM) (S.D.N.Y.), asserting many of the same claims raised as affirmative defenses or counterclaims in the state court proceedings. *See* Winter Decl. Ex. Q, Dkt. 9-19. On March 9, 2020, the Court dismissed the case, finding that under the *Rooker-Feldman* doctrine it lacked jurisdiction to review or nullify a Judgment of Foreclosure, and the doctrine of *res judicata* barred Plaintiff's remaining damages claims. *Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-CV-4871 (VEC), 2020 WL 1151313, at *7, *9–16, *19 (S.D.N.Y. Mar. 9, 2020) ("*Almazon I*").

On May 24, 2022, Plaintiff, proceeding *pro se*, sued Chase in the Eastern District of New York and sought a TRO to prevent the demolition of the house. *See* Winter Decl. Ex. W, Dkt. 9-25. The court concluded that the Eastern District lacked subject matter jurisdiction, denied the TRO motion, and dismissed the case. Winter Decl. Ex. Y, Dkt. 9-27, at 42:7-9, 43:4-7, 46:17-19; Winter Decl. Ex. Z, Dkt. 9-28.

On June 29, 2023, Plaintiff, proceeding *pro se*, sued Chase, Jamie Dimon (Chase's Chief Executive Officer), and the Town pursuant to 42 U.S.C. § 1983. *Almazon v. Jamie Dimon, et al.*, No. 23-CV-5584 (JGK) (S.D.N.Y.); Winter Decl. Ex. AA, Dkt. 9-29, at 4. Plaintiff's claims were duplicative of the claims litigated in the state court proceedings and previously raised in *Almazon I*: specifically, that Chase committed fraud and made misrepresentations to Plaintiff in

3

connection with her attempts to modify the mortgage on the Property. Winter Decl. Ex. AA at 6–7. On July 13, 2023, the action was transferred to the Eastern District of New York. *Almazon v. Town of Oyster Bay*, No. 23-CV-5583 (RER) (JMW), 2024 WL 4649915, at *2 (E.D.N.Y. Sept. 26, 2024) ("*Almazon II*"). After Chase and Dimon asserted that they would move to dismiss the complaint and seek a filing injunction against Plaintiff, on October 20, 2023, Plaintiff voluntarily dismissed her claims against Chase and Dimon, pursuing only her claim against the Town. Winter Decl. Exs. BB and CC, Dkts. 9-30 and 9-31. As in *Almazon I*, the case was dismissed because the court lacked jurisdiction to review a state court judgment and because Plaintiff failed to state a § 1983 claim. *Almazon II*, 2024 WL 4649915, at *4–7.

On July 17, 2024, Plaintiff, proceeding *pro se*, again sued Chase, raising the same arguments that she has raised in several state and federal court actions: specifically, that Chase subjected her to unfair and fraudulent mortgage modification practices and unlawfully initiated foreclosure proceedings in violation of state law including, chiefly, Georgia state law. *See generally* Compl.

## **DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)).

To warrant de novo review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*,

831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (citation omitted).  Absent clear guidance from the Second Circuit on what makes an objection proper, courts in this District have concluded "that a party fails to properly object if she 'makes only conclusory or general objections, or simply reiterates [her] original arguments.'" *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (unpublished) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).  Thus, if "a party's objections are conclusory or general . . . the district court reviews the [magistrate judge's report and recommendations] for clear error." *Pineda*, 831 F. Supp. 2d at 671.  When a party's objection merely reiterates a prior argument, courts in this District have historically applied the clear-error standard; the Second Circuit has, however, more recently "expressed skepticism concerning the application of clear-error review where the plaintiff's objections, in the lower court's view, sought 'to relitigate an issue that was fully argued in the original briefs to the magistrate judge.'"  *Ramgoolie*, 2024 WL 4429420, at *2 (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022)).

Submissions by *pro se* litigants are construed more leniently than submissions by lawyers and are interpreted to raise the strongest arguments they suggest.  *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006); *see also Goldstein v. Hulihan*, No. 09-CV-6824 (CS) (PED), 2011 WL 4954038, at *1 (S.D.N.Y. Oct. 18, 2011).  Nevertheless, even a *pro se* litigant's objections to a magistrate judge's report and recommendations "must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Goldstein*, 2011 WL 4954038, at *1 (quoting *Pinkney v. Progressive Home Health Servs.,* No. 06–CV–5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Although Plaintiff's Objections are difficult to parse, she clearly objects to the R&R's recommendation that the Court impose a filing injunction requiring Plaintiff to seek leave of

5

court before filing further lawsuits in the Southern or Eastern Districts of New York against Chase and related parties concerning the subject matter of this dispute. *See* R&R at 34; *see* Feb. 1 Letter at 1; Feb. 5 Letter at 1. Plaintiff claims that the Undersigned instructed her to return to this Court when her foreclosure action was ripe and describes other actions that were settled as evidence that she is not a vexatious litigant. *See* Feb. 1 Letter at 1; Feb. 5 Letter at 1. Construing Plaintiff's submission leniently, the Court reviews the recommendation of a filing injunction de novo, even though Plaintiff made the same argument before Magistrate Judge Moses. *See Ramgoolie*, 2024 WL 4429420, at *2.[2]

Courts have various restrictive measures at their disposal to address litigants who have abused the litigation process, from "completely foreclosing the filing of designated categories of cases" to "the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings." *In re Martin-Trigona*, 9 F.3d 226, 228–29 (2d Cir. 1993). In deciding whether to impose a filing injunction, courts consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (citation omitted).

Having conducted a de novo review, the Court agrees, for the reasons stated in the R&R, that it is appropriate to impose a filing injunction on Plaintiff. *See* R&R at 29–35. Plaintiff objects on the basis that the Court instructed her to return to this Court when her "foreclosure

---

[2] Plaintiff's remaining objections are too general and unfocused for the Court to determine to what findings of the R&R she objects. Plaintiff also requests that the Court order Chase to release funds that purportedly belong to Plaintiff from escrow, *see* Feb. 1 Letter at 1, 3–4, but the Court cannot consider an entirely new claim not raised in the Complaint.

6

was ripe;" that is, "upon the sale of" the Property. Feb. 1 Letter at 1. That is not accurate. In *Almazon I*, Plaintiff argued that her claim brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, was not barred by *res judicata* because it stated a claim for "dual tracking" under Regulation X. 2020 WL 1151313, at *14. The Court reasoned that because a "dual tracking" claim is not ripe while foreclosure proceedings are pending, such a claim would not be barred by *res judicata* because it would not have been possible to litigate the claim in the state court foreclosure proceedings. *Id.* at *15. That said, Plaintiff's claim was plainly not a "dual tracking" claim and instead was a RESPA disclosure claim that was barred by *res judicata. Id.* at *16. Even construing Plaintiff's claim extremely liberally, she failed to plead any facts suggesting Chase violated Regulation X in pursuing the foreclosure proceedings; the foreclosure proceedings predated the effective date of Regulation X by approximately one year. *Id.* Plaintiff's claims, in all events, were dismissed *with prejudice. Id.* at *19. The Court did not instruct Plaintiff to re-file her dual tracking claim; to the extent the Court even commented on the merits of Plaintiff's dual tracking claim, it found Plaintiff failed to state one.[3]

The Court stresses that the characterization of Plaintiff as a "vexatious" litigant is by no means intended to minimize the significance of losing one's home. *See* Feb. 5 Letter at 1. It simply reflects the fact that Plaintiff has litigated the very claims she asserts in this lawsuit on several occasions before courts in the Southern and Eastern Districts, as well as New York state. Despite the repeated dismissals of her lawsuits, Plaintiff continues to bring the same claims raising the same arguments against the same parties. Plaintiff's duplicative and repetitive actions

---

[3]   Regarding the insurance action that Plaintiff claims she settled, rather than lost, *see* Feb. 5 Letter at 1, that single settled case does not excuse the many frivolous actions Plaintiff has brought. Furthermore, as detailed in the R&R, the court in that action prohibited Plaintiff from recovering damages from Chase, and the settlement allocution further evinces that Plaintiff intends to continue bringing vexatious litigation against Chase. R&R at 31 n.14.

7

serve only to waste judicial resources and undermine the important principle that judgments are final.  *See Hoffenberg v. Hoffman & Pollok*, 288 F. Supp. 2d 527, 539 (S.D.N.Y. 2003).  Magistrate Judge Moses's proposed injunction is reasonable, as it does not bar Plaintiff from filing future suits and requires only that she receive permission from a court before initiating future actions against Chase.  Through this injunction, courts can more easily screen any future lawsuit Plaintiff wishes to file to ensure that she is not attempting to raise the same claims that have been repeatedly dismissed for nearly a decade.

The Court overrules all of Plaintiff's objections for the reasons discussed *supra*.  Because Plaintiff has failed to make specific objections to the remaining findings in the R&R, the Court reviews the R&R for clear error.  Upon careful consideration, the Court finds no clear error in Magistrate Judge Moses's extremely thorough and well-reasoned R&R.  Accordingly, the Court adopts the R&R in full, dismisses the Complaint, and grants Chase its requested filing injunction for the reasons discussed in the R&R.

## **CONCLUSION**

For the foregoing reasons, the Court ADOPTS the R&R in its entirety.  Accordingly, Chase's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is enjoined from filing any further lawsuits in the Southern or Eastern Districts of New York against JPMorgan Chase Bank, National Association, its affiliates, or its personnel, arising from or related to the Property at 27 Grape Lane in Hicksville, New York, the mortgage that had been on the Property, the attempted modification of that mortgage, the foreclosure proceedings (including the action captioned *JPMorgan Chase Bank v. Almazon*, Index No. 585-2013 (N.Y. Sup. Ct. Nassau Cnty.)), the demolition proceedings (including the action captioned *Town of Oyster Bay v. Almazon*, Index

No. 604720/2021 (N.Y. Sup. Ct. Nassau Cnty.)), or the sale of the Property at auction, without first obtaining leave of the court in which she proposes to proceed by filing a separate motion that (a) lists every prior case (including its docket number) that she has filed against Chase its affiliates, or its personnel, and its disposition, (b) attaches her proposed new complaint, and (c) explains why her new claims are not barred by *res judicata*, collateral estoppel, or the *Rooker-Feldman* doctrine.

    The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 9 and close this case.

**SO ORDERED.**

Date:  **March 6, 2025**
       **New York, New York**

                                              **VALERIE CAPRONI**
                                              **United States District Judge**